MEMORANDUM *
Defendant Peter Kott appeals the district court’s denial of his motion to vacate his conviction and dismiss the indictment on the basis of alleged violations of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Because the factual and procedural background is familiar to the parties, we need not recount it here. We conclude that the newly-disclosed information, when viewed collectively, is material and that the prosecution violated Brady by failing to disclose it. According *737 ly, we vacate Kott’s conviction and remand to the district court for a new trial.
I
For newly-disclosed evidence to constitute a Brady violation: “(1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued.” United States v. Williams, 547 F.3d 1187, 1202 (9th Cir. 2008) (citing Strickler v. Greene, 527 U.S. 263, 281-82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)) (alterations and internal citation marks omitted). There is no doubt, as the district court properly held, that the prosecution suppressed evidence favorable to the defense. Our inquiry therefore turns on the third prong. Evidence is prejudicial “only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.” United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). However, a reasonable probability may be found “even where the remaining evidence would have been sufficient to convict the defendant.” Jackson v. Brown, 513 F.3d 1057, 1071 (9th Cir.2008).
For the reasons stated in United States v. Kohring, 637 F.3d 895 (9th Cir.2011), we respectfully disagree with the district court’s finding that the new evidence was not prejudicial. Specifically, the newly-disclosed evidence of Anchorage Police Department files suggesting that key prosecution witness Bill Allen sexually exploited minors, and attempted to conceal that behavior by soliciting perjury, would have been admissible and was not needlessly cumulative. Such evidence could have been used, at a minimum, on cross-examination to impeach Allen’s testimony. See Silva v. Brown, 416 F.3d 980, 987 (9th Cir.2005) (“Impeachment evidence is especially likely to be material when it impugns the testimony of a witness who is critical to the prosecution’s case.”). Additionally, the newly-disclosed evidence documents numerous prior inconsistent statements about the payments Kott allegedly received and the reasons for such payments. Much of the evidence was not cumulative of what was presented at trial, and could have been used to undermine Allen’s credibility while bolstering Kott’s.
When viewed “collectively,” Jackson, 513 F.3d at 1076, we hold that “there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different,” Bagley, 473 U.S. at 682, 105 S.Ct. 3375. However, because we do not have sufficient evidence to conclude the prosecution “acted flagrantly, willfully, [or] in bad faith,” we do not exercise our supervisory authority to dismiss the indictment. United States v. Chapman, 524 F.3d 1073, 1084-85 (9th Cir.2008). Instead, being unconvinced that we should do otherwise, we follow our previous case law that, “the appropriate remedy will usually be a new trial.” Id. at 1086.
Kott’s conviction is vacated, and this matter is remanded to the district court for a new trial. We need not, and do not, reach any other issue urged by the parties on appeal.
VACATED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36-3.